In The United States District Court
For The District of Massachusetts

David Wattleton
50260-019
Federal Medical Center-Devens
P.O. Box 879
Ayer, MA 01432
    Plaintiff,

v.

A. Lever, Institutional Education
Program Coordinator
Federal Bureau of Prisons
P.O. Box 880
Ayer, MA 01432
    Defendant

05-40093 RWZ

## COMPLAINT
## UNDER 42 U.S.C. § 1983

COMES NOW, the plaintiff, David Wattleton, through pro se, files this civil rights action under 42 U.S.C. § 1983 against A. Lever, the Institutional Education Program Coordinator alleging that the defendant violated his Fourteenth Amendment right to safe confinement by suggesting that inmate Brian Brown 34988-037 to mock, intimidate and harass him in retaliation against Mr. Wattleton for his civil rights complaint case number 05-6586 which is pending in the Fourth Circuit Court of Appeals.

—1—

He believes that the defendant's malfeasance is in violation of his First Amendment right to criticize government officials without reprisals or retaliation. He seeks a preliminary injunction in the form of an order from this court enjoining the Bureau of Prisons to transfer the plaintiff to a less stressful setting or less restrictive or suitable alternative environment. He also seeks a compensatory damages award in the amount of $250,000.00 for intentional infliction of emotional distress.

## Background

On or about August 20, 2004 the plaintiff was transferred from the Federal Medical Center-Butner, Butner, North Carolina to the Federal Medical Center-Devens, Ayer, Massachusetts. Subsequent to his transfer the plaintiff had initiated a grievance against prison officials at FMC-Butner regarding their failure to protect him from being assaulted by another inmate.

On or about April 2, 2005, the plaintiff requested assistance from P. Lison, the Institutional Correctional Officer, in resolving a dispute inmate Brown and the plaintiff were having. During the course of the incident inmate Brown began hurling

insults at the plaintiff including falsely identifying him as a pedophile to other inmates

A few weeks later the plaintiff again was forced to assert himself against inmate Brown's aggressive and abusive behavior only this time it was inmate Brown who sought out an officer for dispute resolution instead of the plaintiff. The result was that the Unit Officer conducted a search of the plaintiff's personal locker.

On or about May 14, 2005, inmate Brown again complained to prison officials that the plaintiff was mocking him which resulted in a search and seizure of the plaintiff's personal property and an incident report.

On or about June 6, 2005, inmate Brown again complained to prison that the plaintiff was mocking him which again resulted in a search and seizure of the plaintiff's personal property and an incident report.

### Summary

The plaintiff believes that the defendant is displeased with the complaints that he has made and expresses her dissatisfaction by ~~order~~ suggesting that inmate Brown and other inmates whom she supervises to mock, intimidate and harass him.

He believes that the defendants intentions are to create situations and problems that the plaintiff would not be able to prove thereby characterizing the plaintiff as psychotic and raising the level of believeability by "cloak and dagger." That is to say, the defendant is determined to use whatever means possible to discredit the plaintiff's contention that prison officials are retaliating against him for his grievances and complaints and are engaged in an open plan to improve the proficiency of the prison mental health experts and decreasing the appearance of impropriety by creating problems and difficulties for the plaintiff to characterize him as psychotic thereby increasing their proficiency and the appearance of impropriety.

## Argument

The plaintiff believes that the trouble he is having with inmate Brown is directly related to the malfeasance of the defendant. And these difficulties are essential to the prison mental health expert opinion that the plaintiff has a psychotic belief that others are "out to get him." because there is sufficient evidence that doctors opinions are invalid. And also, because prison officials are accussed of retaliating against the plaintiff it would be in the best interest of

prison officials to put the plaintiff in the worst possible light to bolster their position that the plaintiff's allegations are further expressions of his delusional belief system.

He further argues that it is no coincidence that his difficulties with inmate Brown are occurring during the same time as his case in the Fourth Circuit Court of Appeals is being decided. In fact the plaintiff believes that there is a direct correlation between the menacing and harassing behavior of inmate Brown and the case that is pending in the Fourth Circuit.

The plaintiff contends that in each instance the defendants seek out inmates whom which the plaintiff has complained to prison officials about to mock and harass him. And in each instance defendants encourage the characterization that the plaintiff is psychotic and a sexual deviant. Another similarity is that prison authorities set a bad example for other staff members by surrounding the plaintiff while he is moving through the serving line during meals whenever the plaintiff receives unfavorable news from the courts. This sort of casual abuse only encourages other staff and inmates that this behavior is acceptable.

The plaintiff contends that this court should not apply the requirements of the Prison Litigation Reform Act (PLRA) and the Acts administrative remedy exhaustion requirement to his civil action as he is not a "prisoner" within the meaning of the PLRA. See, Perkins v Hedricks 340 F3d 582, 583 (8th Cir. 2003). He also argues that the standard that should be applied to his civil action is the standard established by the Supreme Court in Youngberg v Romeo, 457 US 307, 102 S.Ct. 2452, 73 L.Ed 2d 28 (1982).

Therefore, for the foregoing reasons the plaintiff request that this Court should grant his motion for a preliminary injunction and an evidentiary hearing pursuant to the Federal Rules of Civil Procedure Rule 43(e) to determine whether the defendant's performance departed from professional judgment. The plaintiff also request appointment of counsel pursuant to 28 USC 1915(e).

Respectfully submitted,

Daniel Watt[signature]

Dated this 7th day of June, 2005.

-6-