UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID WATTLETON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )    C.A. No. 05-40093-RWZ |
| | ) |
| A. LEVER, Institutional | ) |
| Education Program Coordinator, | ) |
| Federal Bureau of Prisons, | ) |
| | ) |
|     Defendant. | ) |

ORDER ON MOTION TO
PROCEED IN FORMA PAUPERIS

Plaintiff was acquitted by reason of insanity on charges of making telephonic bomb threats and was then civilly committed. He is currently in custody at FMC Devens. In this complaint, his ninth or tenth filing in this Court, plaintiff asserts that defendant, the Institutional Education Program Coordinator, "violated his 14th Amendment right to safe confinement by suggesting that [an inmate] to mock [sic] intimidate and harass him in retaliation" for plaintiff filing yet another civil rights action in the 4th Circuit Court of Appeals. Plaintiff has moved to proceed in forma pauperis and seeks to be excused from providing an affidavit of indigency on the ground that he is not a "prisoner." The latter request is denied. The statute, 28 U.S.C. § 1915(a)(1), requires the affidavit of any person seeking to proceed without prepayment of fees. More exactly, it permits federal courts to authorize the commencement of a lawsuit without prepayment of the filing fee "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security." 28 U.S.C. § 1915(a)(1). Despite the statute's use of the phrase

"such prisoner," the affidavit requirement applies to all persons requesting leave to proceed in forma pauperis.  See Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (per curiam); Haynes v. Scott, 116 F.3d 137, 139-40 (5th Cir. 1997); Floyd v. United States Postal Serv., 105 F.3d 274, 275-77 (6th Cir. 1997), abrogated in part by statute on other grounds, see Callihan v. Schneider 178 F.3d 800, 803 (6th Cir. 1999); Fridman v. City of New York, 195 F. Supp. 2d 534, 536 n.1 (S.D. N.Y. 2002).[1]

For the convenience of litigants, this Court provides a standardized form entitled "Application to Proceed Without Prepayment of Fees and Affidavit" for such applications. Consistent with the § 1915(a)(1), this form requires the applicant to sign under penalty of perjury that the information therein is true and correct.

Because Plaintiff has provided none of the information required by the statute, the Court cannot act on his motion.  He must either pay the filing fee of $250 or submit an affidavit on the standard form prescribed.  As part of his response to question number three of the application, plaintiff must identify the amount and source of any income he has received in the past year, including deposits to his trust fund accounts at FMC Devens and FMC Butner.  He must also treat his prison trust fund accounts as cash or a checking or savings account when responding to question number four on the application.

If plaintiff does not pay the filing fee or submit a new application to proceed in forma pauperis that complies with the above instructions within forty-two days of the

---

[1] The use of the word "prisoner" in 28 U.S.C. 1915(a)(1) appears to be a typographical error.  See In re Perry v. Secretary of Hous. & Urban Dev., 223 B.R. 167, 169 n.2 (8th Cir. 1998); Leonard v. Lacy, 88 F.3d 181, 183 (2d Cir. 1996); 1 James Wm. Moore, et al., Moore's Federal Practice § 4.40[1] (3d ed. 2000).

date of this order, this case will be dismissed without prejudice for failure to pay the filing fee.

The Clerk shall provide an application to proceed in forma pauperis to the plaintiff.

Plaintiff's motions for the appointment of counsel and injunctive relief are premature.

|  |  |
|---|---|
| 6/27/05 | /s/ Rya W. Zobel |
| DATE | UNITED STATES DISTRICT JUDGE |