```
            UNITED STATES DISTRICT COURT
             DISTRICT OF MASSACHUSETTS          FILED
                                             IN CLERKS OFFICE

                                             2007 NOV -1  A 11: 44

                                             U.S. DISTRICT COURT
                                              DISTRICT OF MASS.
```

DAVID WATTLETON, §
§
    Plaintiff, §
§
-vs- § Case No. 05-40093-RWZ
§
ANIA. LEVERS, et al., §
§
    Defendant[s]. §

## MOTION FOR RECONSIDERATION

COMES NOW, the plaintiff, David Wattleton, through pro se, hereby files this pleading in the district court requesting reconsideration of the court's October 19, 2007, order denying his complaint in the above captioned case.

## JURISDICTION

The plaintiff believes that the court is permitted to revist its own decision and amend or revise them at any time prior to final judgment. Davis v Lehane, 89 F.Supp.2d. 142, 147 (D.Mass 200)(quoting, Bethlehem Steel Export Corp. v

1

Redondo Constr Corp., 140 F.3d. 319, 321 (1st Cir 1998)(holding that a district court judge to whom a case had been reassigned could grant the defendant's motion for summary judgment after the previous judge had denied the motion.).

In the instant case, plaintiff asserts that to suceed in his motion for reconsideration "the movant [must] demonstrate (1) an intervening change in law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." Davis v Lehane, 89 F.Supp.2d. at 147(quoting, McCoy v Macon Water Auth., 966 F.Supp 1209, 1222-23 (M.D. Ga 1997). Plaintiff further asserts that "in order for a court to reconsider. 'there must be a reason why the court should reconsider [a] prior decision and [movant] must set forth facts or law of a strongly convincing nature to induce the court to reverse [the] prior decision." Sussman v Salem, Saxon & Nielsen, P.A. 153 F.R.D. 689, 694 (M.D.Fla 1994).

Here, the plaintiff argues that he can show that the court rendered a decision "contrary to' clearly established federal law as determined by the First Circuit and the Supreme Court.

2

## ARGUMENT AND CITATION OF AUTHORITY

I.   WHETHER THE COURT'S ORDER IS FINAL

The plaintiff argues that the district court erred in denying his motion to amend complaint because he allegedly "took no further action." He asserts that he did comply with the court's July 27, 2005 instructions to submit a new application to proceed in forma pauperis within the time period provided. He also submitted a motion arguing that as a civilly committed mental patient he was not "a prisoner" within the meaning of 28 U.S.A.§ 1915. The fact that he wished to raise another issue does mean that he defied the court's instructions. Moreover, even though the plaintiff complied with the court's order to submit a financial affidavit the court did not make any formal ruling either with respect to the second IFP motion or concluding the action. (See Exhibit 1).

The plaintiff assumed that the court denied his IFP application, motion and complaint and. thus, he filed a notice of appeal to the First Circuit, who rejected the appeal because it determined that the lower court did not render an appealable judgment.

3

II.  WHETHER PLAINTIFF COMPLAINT COMPLIES WITH 28 U.S.C. § 1915(e)(2).

The plaintiff argues that the district court erred in determining that it lacked an arguable basis either in law or in fact a claim upon which relief can be granted. He believes that the defendant's maltreatment is retaliatory because of his status as a african-american, male, mental patient pro se litigant complaining about Bureau of Prisons (BOP) doctors's medical negligence. He believes that the defendants - particularily Ania Levers and Ms. Parrott are spreading predatory rumors and gossip about him to other staff and inmates with the purpose of creating a hostile environment with hopes that he will lose his temper and do something that will forfeit his library privileges.

The federal courts recognize predatory gossiping and rumor mongering as endangering the safety of the security of the institution and inmates. See, Cassels v Stalder, 342 F.Supp.2d. 555, 565 (M.D.La 2004)("spreading rumors" may endanger guards or threaten the security of the institution."); Powell v Schriver, 175 F.3d. 107, 112 (2nd Cir 1999)("gratuitous disclosure of an inmate's confidential medical information as humor or gossip, is not reasonably related to a legitimate penological interest").

4

Therefore, the plaintiff believes that his complaint does state a claim upon which relief can be granted even though he does not have direct evidence. See, United States v Bank of New England, N.A., 821 F.2d. 844, 854 (1st Cir 1987)("Willfulness can rarely be proven by direct evidence, since it is a state of mind; it is usually established by drawing reasonable inferences from the available facts.")

Thus, the court should not dismiss his complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6) or § 1915(e)(2), for the above and foregoing reasons. Mack v Commonwealth of Massachusetts, 204 F.Supp.2d. 163, 166-67 (D.Mass 2002).

The plaintiff argues that the court's inaction only emboldens Ania Levers, Ms. Parrott and the other prison authorities that their misconduct is endorsed and condoned by the federal courts. The plaintiff's daily routine can easily be anticipated and his appearance in the library, dining cafeteria, housing unit and recreation yard makes him susceptible to inmate on inmate violence or amusement and harassment at the hands of prison staff.

Wherefore, for the above and foregoing reasons the plaintiff request that the court should reconsider its order and grant him the requested relief.

5

# United States Court of Appeals
## For the First Circuit

No. 05-2259

DAVID WATTLETON,

Plaintiff, Appellant,

v.

A. LEVERS, INSTITUTIONAL EDUCATION PROGRAM COORDINATOR,
FEDERAL BUREAU OF PRISONS,

Defendant, Appellee.

Before

Torruella, Lynch and Howard,
Circuit Judges.

ORDER OF COURT

Entered: August 6, 2007

By order dated September 14, 2005, this court dismissed appellant's appeal from the district court's June 27, 2005 order directing appellant to file a financial affidavit if he wished to be considered for in forma pauperis status, and the case returned to the district court. Meanwhile, appellant had filed a new motion for in forma pauperis status, accompanied by a financial affidavit. Docket entry 4. While there are administrative notations on the docket that the IFP motion and the case were "terminated," there does not appear to be any formal ruling from the district court judge either with respect to the second IFP motion or concluding the action. Consequently, we hereby point out what appears to be the absence of either a formal ruling on docket entry number four or of a final judgment adjudicating the case, and we trust that the district court will take additional steps to adjudicate the action.

The petition for writ of mandamus is <u>denied</u>, but without prejudice to refiling after 90 days if no action has been taken.

By the Court:

Richard Cushing Donovan, Clerk.

By: **MARGARET CARTER**
Chief Deputy Clerk.

[cc: David Wattleton]